**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ELLIOT MCGUCKEN, an individual,

Plaintiff,

v.

WESTPARK ELECTRONICS, LLC d/b/a "Abes of Maine," A Delaware limited liability company; and DOES 1-10,

Defendants.

Case No.: 2:26-cv-14297

**COMPLAINT FOR:**

1. COPYRIGHT INFRINGEMENT;
2. VIOLATION OF THE DMCA: 17 U.S.C. § 1202

**JURY TRIAL DEMANDED**

Plaintiff Dr. Elliot McGucken ("Plaintiff" or "McGucken"), by his attorneys Doniger / Burroughs, for his complaint against Defendants Westpark Electronics, LLC d/b/a Abes of Maine", ("Abe's") and Does 1-10, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff Dr. Elliot McGucken is an individual residing in Los Angeles County.

5. On information and belief, Plaintiff alleges that Defendant Westpark Electronics LLC d/b/a "Abes of Maine," is a Delaware limited liability company doing business in and with this district through its location at 1805 Lower Road Linden, NJ 07036.

6. Defendants Does 1 through 10, inclusive, (collectively with Abe's, "Defendants"), are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with

full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

**CLAIMS RELATED TO SUBJECT PHOTOGRAPHY**

8. Elliot McGucken is an award-winning fine art photographer known for his landscape nature photography.

9. McGucken created and owns the original landscape photography depicted below ("Subject Photographs"):

| SUBJECT PHOTOGRAPHS |
| --- |
|  |















10. McGucken is the owner of the copyright in the Subject Photographs and registered the copyrights for the Subject Photographs prior to the acts complained of herein with the United States Copyright Office.

11. On information and belief, Defendant Abe's is an electronics retailer that sells cameras and photography equipment.

12. McGucken is informed and believes and thereon alleges that following his publication and display of the Subject Photographs, Defendants, and each of them, reproduced, publicly displayed, and distributed the Subject Photographs to promote and advertise its products, including without limitation, on the websites and/or social media profiles owned and operated by Abe's, of which a true and correct exemplars are depicted below ("Infringing Uses"):

///

///

///

///

| INFRINGING USES |
| --- |

**URL**: *https://www.pinterest.com/abesofmaine1979/_created/*




**URL**: *https://www.pinterest.com/pin/657807089294634599/*



**URL**: *https://www.pinterest.com/abesofmaine1979/_created/*




**URL**: *https://www.pinterest.com/pin/657807089294685150/*



**URL:** *https://www.pinterest.com/abesofmaine1979/_created/*




**URL**: *https://www.pinterest.com/pin/657807089294567972/*



**URL**: [https://www.facebook.com/AbesofMaine/photos/pb.100063597189187.-2207520000/10156138815775782/?type=3](https://www.facebook.com/AbesofMaine/photos/pb.100063597189187.-2207520000/10156138815775782/?type=3)




**URL**: [https://www.facebook.com/AbesofMaine/photos/pb.100063597189187.-2207520000/10156138815775782/?type=3](https://www.facebook.com/AbesofMaine/photos/pb.100063597189187.-2207520000/10156138815775782/?type=3)



**URL**: https://www.facebook.com/AbesofMaine/photos/pb.100063597189187.-2207520000/10156138815775782/?type=3




**URL**: https://www.facebook.com/AbesofMaine/photos/pb.100063597189187.-2207520000/10155584202180782/?type=3



**URL**: https://www.facebook.com/AbesofMaine/photos/pb.100063597189187.-2207520000/10155429616520782/?type=3




**URL**: https://www.facebook.com/AbesofMaine/photos/pb.100063597189187.-2207520000/10155408066040782/?type=3



**URL**: https://www.facebook.com/AbesofMaine/photos/pb.100063597189187.-2207520000/10155383196890782/?type=3




**URL**: https://www.instagram.com/p/BWK2Hccn6J0/



**URL**: *https://www.instagram.com/p/BWswbQ-ngiP*




**URL**: *https://www.instagram.com/abesofmaine/p/BhNE5Cvn4l9/*



**URL**: https://www.instagram.com/p/BgMHF5FAnbH/




**URL**: https://x.com/AbesofMaine/status/907349811963285505



**URL**: https://x.com/AbesofMaine/status/899014877615804416




**URL**: https://x.com/AbesofMaine/status/885244154896424960



**URL**: *https://x.com/AbesofMaine/status/925106793914732545/photo/1*




**URL:** *https://x.com/AbesofMaine/status/882619355795730432/photo/1*



13. A comparison of the Subject Photographs with the corresponding image of the Infringing Uses reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

14. Review of the Infringing Uses shows that Abe's included McGucken's name and brand in some exploitations of the Subject Photographs but removed it from others, such that Abe's knew of McGucken and yet still removed his name and copyright management information from certain uses of the Subject Photographs.

15. On information and belief, McGucken alleges that Defendants were involved in creating and/or developing the Infringing Uses, and/or supplying, displaying, distributing, selling, and/or otherwise providing the Infringing Uses to third parties, including without limitation, the public.

16. McGucken at no time authorized Defendants, or any of them, to use the Subject Photographs as complained of herein, and at no time did Defendants seek a license or authorization to use the Subject Photographs.

17. On or around June 30, 2025, McGucken sent a letter through counsel to Defendants notifying them that their unauthorized exploitation of the Subject Photographs infringed upon their copyrights and demanding that they cease and desist from same.

18. Despite this, Defendants have continued exploiting the Subject Photographs as of the date of filing.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

19. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on McGucken's websites, photography site accounts, social media accounts, and the internet. Access is further evidenced by the Subject Photographs' exact or near-exact reproduction in the Infringing Uses.

21. Defendants, and each of them, infringed McGucken's copyright by copying, publishing, and displaying the Subject Photographs to the public, including without limitation, the website set forth above, without McGucken's authorization or consent.

22. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photographs. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photographs in an amount to be established at trial.

24. McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(Violation of 17 U.S.C. 1202 - Against All Defendants, and Each)**

25. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. The Subject Photographs were routinely published with attribution, credit, and other copyright management information identifying McGucken as the author.

27. McGucken alleges on information and belief that Defendants, and each of them, removed McGucken's copyright management information, as described above, from the Subject Photographs, and/or added false copyright management information.

28. McGucken alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photographs via their social media profiles and sites under the their branding, such as accompanying company account name with logo, and in some cases, removing his attribution information, including without limitation his name and/or metadata.

29. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

30. When Defendants published the Subject Photographs, they knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

31. When Defendants published the Subject Photographs, they removed McGucken's copyright management information from the Subject Photographs knowing or having reason to know that such removal would induce, enable, facilitate, or conceal an infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

32. As a result of the foregoing, McGucken has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photographs from their respective websites, catalogs, marketing and advertisement materials.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the

extent available, statutory damages as available under the 17 U.S.C. § 504 and/or other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: New York, New York
November 3, 2026

Respectfully submitted,

DONIGER / BURROUGHS

By: */s/ David Michael Stuart Jenkinss*

David Michael Stuart Jenkins, Esq.
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
djenkins@donigerlawfirm.com
*Attorneys for Plaintiff Elliot McGucken*